## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| VICKY TAYLOR,<br><br>        Plaintiff,<br><br>v.<br><br>NORTHSTAR LOCATION<br>SERVICES, LLC,<br><br>        Defendant. | **FILED- GR**<br>July 6, 2009 12:32 PM<br>TRACEY CORDES, SR., CLERK<br>U.S. DISTRICT COURT<br>WESTERN DISTRICT OF MICHIGAN<br>mrs/<br><br>1:09-cv-617<br>Paul L. Maloney, Chief Judge<br>United States District Court |

## COMPLAINT

NOW COMES the Plaintiff, VICKY TAYLOR, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, NORTHSTAR LOCATION SERVICES, LLC, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4. VICKY TAYLOR, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Hersey, County of Osceola, State of Michigan.

1

5. NORTHSTAR LOCATION SERVICES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is registered as a limited liability company in the State of New York.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to Bank of America.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV. ALLEGATIONS

9. In or around April 2009, Plaintiff received a telephone call from Defendant, which stated that it was calling to collect a debt allegedly owed by Plaintiff to Bank of America.

10. The alleged debt of Plaintiff was incurred primarily for personal, family, or household services.

11. During the course of the aforementioned telephone call, Defendant suggested that Plaintiff's failure to pay on the debt she allegedly owed was the result of previous conduct during which she had been irresponsible and had been living beyond her means.

12. In or around May 2009, despite having Plaintiff's location information, and despite having contacted Plaintiff, Defendant contacted Plaintiff's husband's parents on multiple occasions.

13. Defendant disclosed to Plaintiff's husband's parents that it was calling to collect on a debt allegedly owed by Plaintiff.

14. Plaintiff's husband's parents did not authorize Defendant to contact them on multiple occasions.

15. Plaintiff did not authorize Defendant to contact Plaintiff's husband's parents on multiple occasions.

16. Defendant contacted Plaintiff's husband's parents in an effort to collect on the debt allegedly owed by Plaintiff to Bank of America.

17. In or around May 2009, despite having Plaintiff's location information, and despite having contacted Plaintiff, Defendant contacted Plaintiff's husband's sister on multiple occasions.

18. Plaintiff's husband's sister did not authorize Defendant to contact them on multiple occasions.

19. Plaintiff did not authorize Defendant to contact Plaintiff's husband's sister on multiple occasions.

20. Defendant contacted Plaintiff's husband's sister in an effort to collect on the debt allegedly owed by Plaintiff to Bank of America.

21. Defendant left messages with Plaintiff's husband's parents and Plaintiff's husband's sister that they were calling about an urgent and serious matter.

22. In its attempts to collect the debt allegedly owed by Plaintiff to Bank of America, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   b. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

3

  c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

  d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

  e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

23. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

24. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VICKY TAYLOR, by and through her attorneys, respectfully prays for judgment as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
VICKY TAYLOR

By: _____
Attorney for Plaintiff

Larry P. Smith (Atty. No.: 6217162)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x811)
Facsimile: (888) 418-1277
E-Mail: lsmith@lpsmithlaw.com

5

Larry P. Smith (Atty. No.: 6217162)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x811)
Facsimile: (888) 418-1277
E-Mail: lsmith@lpsmithlaw.com